## WEST ALEXANDER *v.* THE STATE.

1. NEW TRIAL. — Retained counsel for the defense was absent when the case was called for trial, and wrote to the judge that he was sick, and, therefore, asked that the trial be postponed until the next day. The court appointed other counsel to defend the accused, and required the trial to proceed; which action of the court was not excepted to at the time, but was assigned in a motion for a new trial, which was overruled. *Held,* that, no abuse of the discretion of the court nor injury to the rights of the accused being shown, no error is apparent.

2. MINUTES OF COURT. — A discrepancy of a day between the date of the verdict as stated in an interlocutory order and as stated in the final judgment is not cause for reversal when an inspection of the record identifies the verdict of the jury, and shows that the final judgment was rendered on it.

3. INDICTMENT — ARREST OF JUDGMENT. — Indictment charged theft of one person's property from the possession of another, without alleging that the latter held the possession for the former. *Held,* not good cause in arrest of judgment.

APPEAL from the District Court of Travis. Tried below before the Hon. E. B. TURNER.

The indictment charged that the appellant " did steal, take, and carry away from the possession of C. S. West one certain gray gelding [pony], of the value of fifty dollars, the property of Robert G. West, without the consent of said C. S. West, or of said Robert G. West," etc.

Under the marginal date of November 9, 1877, the transcript sets out the usual preliminary matters in a judgment entry, including the verdict and its approval by the court, and concluding with an order remanding the defendant to await the final judgment.

The final judgment was rendered at a subsequent day of the term, and recites the date of the verdict as November 8, 1877.

The jury gave the appellant five years in the penitentiary.

*Ward & Pendexter,* for the appellant, filed an ingenious and able brief.

*George McCormick*, Assistant Attorney-General, for the State.

Winkler, J.   The most material subject presented in the record arises upon the overruling of the amended motion for a new trial, which is reserved by bill of exceptions, and is assigned as error.   An affidavit filed in support of the amended motion for a new trial states, in effect, that Robert H. Ward was the regularly retained counsel for the accused, and that, when the case was reached, the counsel was, and for three or four days had been, confined to his bed by sickness — bilious fever — and unable to attend the court and appear in behalf of the accused; that, when the case was called, the accused sent for the counsel and caused him to be informed that the case was called for trial, when the counsel wrote to the court informing the court of his illness, and requesting a postponement of the case until the succeeding day, when he would be in court and attend to the case; that the court refused to postpone the case, and appointed one Isaac Frederick to defend the case, and ordered the trial to proceed — the said Frederick being ignorant of the defense of the accused.

When a postponement of the trial for a day was asked, it was discretionary with the court whether to grant or refuse the request; and it appearing that the accused had the benefit of counsel, and it not appearing that any injury resulted to the accused, its action afforded no sufficient reason to grant a new trial.   It is not shown that the accused made any objection at the time the second counsel was appointed, or that he even asked the postponement.   There is no reason to suppose that the court abused its proper discretion in the matter.

And, after examining the statement of facts, we are at a loss to see how any one could have believed the accused could have been successfully defended.   The evidence es-

tablishes the guilt of the accused. There was no error in overruling both the original and the amended motions for a new trial, for anything that appears in the case.

It is contended that there is a discrepancy of a day between the date of the verdict and the date set out in the judgment. The two may be readily identified, each by the other, as the verdict in the case, and the judgment is upon the same verdict rendered by the jury.

Two objections are urged to the indictment in a motion in arrest of judgment: One is that the indictment charges no offense against the laws of the state, which the record does not sustain. The other objection is that the indictment does not allege that the person alleged in the indictment as being in possession of the property was so in possession of the property and holding it for the owner. This objection is more technical than substantial. The indictment charges who had possession of the gelding at the time of the theft, and who was the owner, and is otherwise sufficient. It is theft to steal personal property, either from the owner or from some other person holding it for the owner — the other circumstances of the taking amounting to theft. Penal Code, art. 745 (Pasc. Dig., art. 2381).

There being no material error in the proceedings, the judgment is affirmed.

*Affirmed.*